**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**NORMAN I. GEDDIS, SR.,**

                                        **Plaintiff,**              **10-CV-1001S(Sr)**

**v.**

**DAVID FORD, et al.,**

                                        **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M.

Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #7.  Currently before the Court are plaintiff's

motion to amend the complaint (Dkt. #16) and plaintiff's motion seeking the

appointment of counsel (Dkt. #20).  For the following reasons, plaintiff's motion to

amend the complaint (Dkt. #16) is granted and plaintiff's motion seeking the

appointment of counsel (Dkt. #20) is denied.

## BACKGROUND

Plaintiff commenced this action on or about December 13, 2010 against

David Ford and Gregory Osterstuck for failure to protect in violation of the Eighth

Amendment.  Dkt. #1.  Specifically, plaintiff alleges that on December 29, 2007 at 8:44

a.m., defendant David Ford placed six inmates, including plaintiff, in the second floor

corridor for a doctor callout and that shortly thereafter, defendant Ford became

distracted and one of the inmates approached plaintiff in a threatening manner.  *Id*.

Plaintiff further alleges that had defendant Ford not become distracted and had he

protected plaintiff, an assault that took place approximately five minutes later could

have been prevented.  *Id*.  In his second claim, plaintiff alleges that defendant

Osterstuck failed to maintain his attention on the six inmates in the corridor and in that

time, inmate Hall assaulted plaintiff.  *Id*.  Defendants Ford and Osterstuck filed their

Answer to plaintiff's Complaint on February 8, 2011.  Dkt. #6.  This Court issued a Case

Management Order on March 14, 2011.[1]  Dkt. #11.  Thereafter on May 13, 2011,

defendants served and filed a Notice to Take Deposition of Norman Geddis (Dkt. #12),

Interrogatories (Dkt. #13) and a Request for the Production of Documents (Dkt. #14).

In addition, also on May 13, 2011, defendants served and filed their Rule 26 Disclosure

(Dkt. #15).


**Motion to Amend the Complaint**

On June 2, 2011, plaintiff timely filed the instant motion seeking to amend

the complaint.  Dkt. #16.  More specifically, plaintiff seeks to add three additional

defendants and one John Doe defendant, as well as two causes of action, one for

failure to administer adequate medical treatment and the second, entitled "Unsafe

Environment."  *Id*.  In support of his motion, plaintiff asserts that he "should be entitled

to change my original complaint because I didn't have all the information of [sic] people

that I want to sue.  And I know that these are the people that are responsible for any

---

[1] This Court's Case Management Order (Dkt. #11) provides, *inter alia*, that all
motions to join other parties or to amend the pleadings shall be filed by June 3, 2011.

[sic] actions I have suffered."  Dkt. #16, p.3.  Counsel for the defendants filed an

affidavit in opposition to plaintiff's motion to amend the complaint.  Dkt. #18.  In their

opposition, defendants argue that the additional defendants plaintiff seeks to add to his

complaint include,

> [the] Sheriff, Warden, and Nurse.  These individuals were
> easily identifiable at the time the original complaint was filed.
> The plaintiff does not provide any explanation as to why he
> did not merely name the individuals as "John/Jane Doe" as
> he has proposed in the amended complaint.  Moreover,
> there is no reason set forth as to why he did not assert the
> proposed new causes of action in the original complaint.

Dkt. #18, ¶ 5.  In addition to the foregoing, defendants maintain that plaintiff''s motion to

amend the complaint should be denied because such an amendment would be futile in

that plaintiff's proposed new claims are time barred.


**Motion for Appointment of Counsel**

On or about October 24, 2011, plaintiff filed the instant motion seeking the

appointment of counsel.  Dkt. #20.  In support of that motion, plaintiff relies on the

assistance he feels an attorney can provide him in securing the discovery materials he

needs to support his claims.  *Id*.  In addition, plaintiff asserts that he is limited to 88¢

worth of free legal mail a week and therefore, he is restricted in his ability to file legal

documents on a timely basis.  Finally, plaintiff states, "I assure you that I have

attempted to contact several attorneys, either by mail or by phone, and I have

attempted to have contact by [sic] the use of the online web sites, all within a two (2)

year period."  *Id*.  Although defendants insist that they do not wish to take a position

with respect to plaintiff's motion for counsel, defendants did submit a response to the

motion.  Dkt. #19.  In their response, defendants state, in part:

> [w]hile defendants do not take a position on plaintiff's motion, your deponent wanted to point out to the Court that much of what the plaintiff is seeking in terms of discovery has already been turned over to the plaintiff in the normal course of discovery disclosures.  We have provided the plaintiff with a copy of the video camera footage from the jail and the jail records regarding the incident.  With respect to his medical records, we have asked him to provide us with a signed authorization and request for the records and they will be provided to him.  With respect to depositions and discovery, although defendants noticed for [sic] the deposition of the plaintiff, it did not proceed because he failed [sic] a motion to amend his complaint which would affect depositions and we are awaiting a decision in that motion.  Plaintiff has never served any discovery, nor has he requested [sic] deposition of any of the defendants or their representatives.

Dkt. #19, ¶¶ 3-4.


## DISCUSSION AND ANALYSIS

**Motion to Amend the Complaint**

The Federal Rules of Civil Procedure require the Court to issue a scheduling order which, *inter alia*, limits the time to join other parties and amend the pleadings.  Fed.R.Civ.P. 16(b)(3)(A).  "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pre-trial proceedings, ensuring that at some point both the parties and the pleadings will be fixed."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal quotation omitted).  As a threshold matter, the Court notes that plaintiff's motion to amend the complaint was timely filed on June 2, 2011.  *See* Dkt. ## 11 and 16.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted." *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 2000 WL 1843282 (W.D.N.Y. 2000). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman,* 371 U.S. at 182.

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs. *Rush v. Artuz*, 2001 WL 1313465, at *5 (S.D.N.Y. 2001). Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v.*

*Fonix Corp.,* 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd,* 199 F.3d 1321 (2d Cir. 1999).  However, Rule 21 requires that the Court limit joinder of additional defendants to circumstances where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 21.

Here, plaintiff is seeking to amend his complaint to add three additional named defendants, Sheriff Joseph A. Gerace, Warden Pat Johnson, and Nurse Jen Johnson, as well as one unidentified defendant, Sergeant John Doe (shift supervisor). Dkt. #16.  In addition, the plaintiff seeks to add two new causes of action against the new defendants, a cause of action for failure to administer adequate medical treatment and a cause of action entitled "Unsafe Environment." *Id*.  The allegations in the original complaint and in the proposed amended complaint stem from an alleged incident that took place on December 29, 2007.  Specifically, as described above, plaintiff claims that while being transported by defendants Ford and Osterstuck, with five other inmates to a doctor call out, he was assaulted by inmate Hall.

The following factual allegations are those which plaintiff seeks to add as part of his proposed amended complaint.  After the assault, plaintiff claims that he was "knocked-out" and "[w]hen plaintiff came through [sic] he realized that he couldn't walk or stand due to injury to [sic] right leg."  Dkt. #16, ¶ 22.  Thereafter, plaintiff alleges that medical staff was called and plaintiff was transported by ambulance to Westfield

Memorial Hospital.  *Id*. at ¶ 23.  Plaintiff was diagnosed with a fractured femur, as well

as "a few bumps and bruises."  *Id*.  Following his diagnosis, plaintiff was transported to

the Erie County Medical Center for surgery to repair his fractured femur.  *Id*. at ¶ 24.

Thereafter, plaintiff was released from the Erie County Medical Center on December

31, 2007 and returned to the Chautauqua County Jail.  *Id*. at ¶ 25.  Beginning on

December 31, 2007, plaintiff alleges that he repeatedly requested medical attention for

the pain and was not permitted to see the doctor until January 4, 2008, wherein the

doctor immediately prescribed medication for the pain.  *Id*. at ¶¶26-31. Based on the

foregoing proposed additional allegations, plaintiff's proposed amended complaint

seeks to add a cause of action for inadequate medical treatment against Nurse Jen

Johnson and Sergeant John Doe (shift supervisor).  *Id*. at ¶¶ 36-38.


          In addition, plaintiff seeks to add a cause of action alleging "Unsafe

Environment" against current defendants David Ford and Gregory Osterstuck and

against proposed new defendants Nurse Jen Johnson, Sergeant John Doe, Sheriff

Joseph A. Gerace and Warden Pat Johnson.  *Id*. at ¶¶ 39-44.  More specifically,

plaintiff's proposed cause of action alleging an "Unsafe Environment" alleges in part:

> 41. Defendants David Ford and Gregory Osterstuck were
> well aware of the possibilities of violence to Plaintiff that was
> right in front of them.  The Defendants failed to properly
> supervise the jail and provide for the Plaintiff's safety and
> well being.
>
> * * *
>
> 43. Defendants Nurse Jen Johnson and Sergeant John Doe
> (shift supervisor) failed to provide Plaintiff with adequate

medical assistance, therefore depriving Plaintiff of his civil
rights.

44. Defendants Sheriff [sic] Joseph A. Gerace and Warden
Pat Johnson recklessness, for failure to properly train and
manage the Correctional Officers and medical staff of the
Chautauqua County Jail in Mayville, New York, and failure to
adequately supervise and protect Plaintiff from acts
complained of that caused the deprivation of Plaintiff's
rights.

Dkt. #16, ¶¶ 41, 43-44.

Where, as here, the plaintiff is seeking to add additional defendants, Rule
20 of the Federal Rules of Civil Procedure permits such joinder at any time, on just
terms.  In addition, Rule 21 of the Federal Rules of Civil Procedure requires that the
joinder of additional defendants be limited to, *inter alia*, "with respect to or arising out of
the same transaction, occurrence, or series of transactions or occurrences" and if "any
question of law or fact common to all defendants will arise in the action."  Fed. R. Civ.
P. 21.  Plaintiff's proposed amended claims against existing defendants Ford and
Osterstuck, as well as plaintiff's proposed new claims against proposed new defendants
Nurse Johnson, Sergeant John Doe, Sheriff Gerace, and Warden Johnson all arise out
of the same occurrence, *to wit*, the events immediately preceding and following the
alleged December 29, 2007 assault on plaintiff.  More specifically, in addition to his
claim of failure to protect, plaintiff claims that defendants Ford and Osterstuck failed to
properly supervise the jail and provide for the plaintiff's safety and well being ("Unsafe
Environment claim").  As against proposed new defendants Nurse Jen Johnson and
Sergeant John Doe, plaintiff alleges a failure to administer adequate medical treatment

following his release from the Erie County Medical Center after surgery to repair the fractured femur he suffered as a result of the alleged assault.  Finally, plaintiff further alleges that proposed new defendants Sheriff Gerace and Warden Pat Johnson failed to properly train and manage staff at the Chautauqua County Jail, as well as failed to supervise and protect plaintiff.  This Court finds that each of the proposed new claims clearly arises out of the same transaction or occurrence and amendment of the complaint pursuant to Rules 15, 20 and 21 of the Federal Rules of Civil Procedure at this early stage of the proceedings is proper.  This Court further finds that plaintiff's proposed new claims are not time barred because they relate to the December 29, 2007 incident alleged in the timely filed original complaint.  Accordingly, plaintiff's motion to amend is granted.  The Clerk of Court is hereby directed to file plaintiff's proposed amended complaint (Dkt. #16) as the Amended Complaint herein.

**Motion for Appointment of Counsel**

There is no constitutional right to appointed counsel in civil cases. However, under Title 28, United States Code, Section 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.      Whether the indigent's claims seem likely to be of substance;

2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).


The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

In support of his motion seeking the appointment of counsel, plaintiff argues that the appointment of an attorney will provide him the assistance he feels he needs in securing certain discovery materials.  In addition, plaintiff asserts that he is limited to 88¢ worth of free legal mail a week and therefore, he is restricted in his ability to file legal documents on a timely basis.  Defendants filed a response to the instant motion insisting that although they do not wish to take a position with respect to plaintiff's motion for counsel, they wish to advise the Court that, "much of what the plaintiff is seeking in terms of discovery has already been turned over to the plaintiff in the normal course of discovery disclosures."  Dkt. #19, ¶¶ 3-4.

The Court has reviewed the facts presented herein in light of the factors required by law.  Notwithstanding plaintiff's assertion that he needs assistance with discovery, plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.  Indeed, as discussed above, plaintiff has successfully sought this Court's permission to amend the complaint to add new defendants and new claims.  Plaintiff has demonstrated a capacity to inform the court of the factual allegations supporting his legal claims and the Court does not doubt that he has the ability to avail himself of the discovery devices provided in the Federal Rules of Civil Procedure.

Accordingly, for the foregoing reasons, plaintiff's motion for appointment of counsel (Dkt. #20) is denied without prejudice at this time.  It is the plaintiff's

responsibility to retain an attorney or press forward with this lawsuit *pro se*.  Title 28,

United States Code, Section 1654.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to amend the complaint (Dkt.

#16), is granted and the Clerk of Court is directed to file plaintiff's proposed amended

complaint as the Amended Complaint herein.  In addition, plaintiff's motion seeking the

appointment of counsel (Dkt. #20) is denied without prejudice at this time.


**SO ORDERED.**


DATED:      Buffalo, New York
            November 30, 2011


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

-12-